**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRITTANY WRIGHT, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. COPYRIGHT INFRINGEMENT |
| KELLER WILLIAMS REALTY, LLC, a Texas limited liability company; STEPHEN WRIGHT, an individual; RONI HENDERSON, an individual; DENYSE ZAMORA, an individual; PAM HAIR, an individual; DAVID KARRAS, an individual; PRECIOUS WYATT, an individual; JOHN MORRISON, an individual; SUSAN TAYLOR, an individual; SUSAN GALYEAN, an individual; CHUCK MAY, an individual; GARRETT HAWKINS, an individual; BIANCA GUTIERREZ, an individual; GENE MOLLOY, an individual; LIZ RENFRO, an individual; DENNIS L. SCOTT, an individual; HEATHER FORDHAM, an individual; ALEX CORREA, an individual; CRISTAL CHAPKO, an individual; JEANINE THAMES, an individual; LISA EUBANKS, an individual; MUSTAFA FAIZ, an individual; JEFF WALKER, an individual; CATHY SPACEK, an individual; DEBBIE BOATRIGHT STEWART, an individual; QUARTERMETRA HUGHES, an individual; ERIKA TEICHMAN, an individual; RAFAEL PEREZ , an individual; CYNDI FIELDS, an individual; SARAH CRUSE , an individual; CHRISTIAN DAVALOS , an individual; STEVEN SIMMONS , an individual; and Does 1-10, inclusive, | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, Brittany Wright ("Wright"), hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3.      The Court has personal jurisdiction over Defendants, and each of them, because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4.      Venue is proper under 28 U.S.C. § 1391(c) because Defendants are domiciled in or are subject to personal jurisdiction in this judicial district, and/or under 28 U.S.C. § 1400(a) because Defendants, or their agents, reside or may be found in this district.

## PARTIES

5.      Plaintiff, Wright, is an individual presently residing in New York.

6.      Upon information and belief, Wright alleges that Keller Williams Realty, LLC. ("Keller") is a Texas limited liability company doing business in and with this judicial district including through its office at 360 Madison Avenue, 9th Floor, New York, New York 10017.

7.      Upon information and belief, Wright alleges that the individual defendants are each realtors doing business in or with this judicial district through their association and/or relationship with Keller.

8.      Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Wright's copyrights, have contributed to the infringement of Wright's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Wright, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.      Wright is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-

ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Wright's rights and the damages to Wright proximately caused thereby.

## CLAIMS RELATED TO WRIGHT'S PHOTOGRAPHY

10.     Prior to the conduct complained of herein, Wright composed and captured original photography, copies of which are set forth hereinbelow ("Subject Photography"). Wright created and is the exclusive owner of the Subject Photography, which was registered with the United States Copyright Office.

11.     Prior to the acts complained of herein, Wright widely publicly displayed and disseminated the Subject Photography, including online and in print publications.

12.     Wright is informed and believes and thereon alleges that following her publication and display of the Subject Photography, Keller used the Subject Photography without Wright's authorization for commercial purposes, including, but not limited to, sharing the Subject Photography with their associated real estate agents, and directing said agents to use the Subject Photography on social media platforms for marketing purposes.

13.     True and correct screen captures of Defendants' unauthorized exploitation of the Subject Photography are set forth below ("Infringing Content").

14.     Upon information and belief, Wright alleges that Keller had access to the Subject Photography, including through Wright's online profiles and features, online publications and press featuring Wright's work, Wright's social media accounts and website, the publication of Wright's photography in books and physical publications, and/or through viewing the Subject Photography on third-party websites.

15.     On or around January 31, 2025, Wright sent a letter to Keller, informing the company of its infringements and demanding that it cease and desist all use of the Subject Photography. Keller has failed to meaningfully respond, necessitating this action.

16.     Defendants have willfully copied, reproduced, displayed, and distributed the Infringing Content for financial benefit and without Wright's consent, as seen in the screen captures depicted below.

17.     Below is a comparison of the Subject Photography with exemplars of the Infringing Content, featuring content incorporating at least a portion of the unauthorized copy of the Subject Photography:

| **SUBJECT PHOTOGRAPHY** |
|---|
|  |

**INFRINGING CONTENT**



**COMPLAINT**









**COMPLAINT**









**COMPLAINT**











**COMPLAINT**





**COMPLAINT**

















**COMPLAINT**











**COMPLAINT**































**COMPLAINT**



**COMPLAINT**









**COMPLAINT**

























**COMPLAINT**





























## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against all Defendants, and Each)**

18.    Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

19.    Upon information and belief, Wright alleges that Defendants, and each of them, accessed the Subject Photography by, without limitation, viewing the Subject Photography on Wright's website or social media profiles, on other sites online, or in physical publications. Access is further evidenced by the exact reproduction of the Subject Photography in the Infringing Content.

20.    Upon information and belief, Wright alleges that Keller distributed the Subject Photography to its agents, the individual Defendants, and instructed them to post the Subject Photography on their webpages for marketing purposes.

21.    Upon information and belief, Wright alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography online at and on websites bearing depicted in above Infringing Content.

22.    Upon information and belief, Wright alleges that Defendants, and each of them, infringed Wright's copyrights by directly copying the Subject Photography and publishing same to the public for commercial benefit.

23.    Due to Defendants', and each of their, acts of infringement, Wright has suffered general and special damages in an amount to be established at trial.

24.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Wright's rights in the Subject Photography. As such, Wright is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Wright's rights in the Subject Photography in an amount to be established at trial.

25.     Wright is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Wright will make her election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

26.      Wright repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

27.     Upon information and belief, Wright alleges that Defendants knowingly induced, participated in, aided and abetted, and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants; publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third parties for further publication.

28.      Wright alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posting and sharing of the Infringing Content, and were able to supervise the publication and distribution of the Infringing Content.

29.      By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Wright has suffered general and special damages in an amount to be established at trial.

30.      Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Wright's rights in the Subject Photography. As such, Wright is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photography, in an amount to be established at trial.

31.      Upon information and belief, Wright alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Wright's copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography from any print, web, or other publication or account owned, operated, or controlled by any Defendant.

2. That Wright be awarded all profits of Defendants, and each of them, plus all losses of Wright, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

3. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Wright's intellectual property rights;

4. That Wright be awarded her attorneys' fees as available under the Copyright Act U.S.C. § 505;

5. That Wright be awarded her costs and fees;

6. That Wright be awarded statutory and enhanced damages;

7. That Wright be awarded pre-judgment interest as allowed by law; and,

8. That Wright be awarded further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Wright demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

DONIGER / BURROUGHS

Dated: October 29, 2025        By:  */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
David M.S. Jenkins
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
djenkins@donigerlawfirm.com
*Attorneys for Plaintiff*